UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PSHATOIA LAROSE,

                Plaintiff,

-against-

SEAN COMBS, ET AL.,

                Defendants.

24-CV-3464 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*,[1] and the Lanham Act, which is also known as the Federal Trademark Act of 1946, 15 U.S.C. §1051, *et seq.* She alleges that Sean Combs through various entities violated her "intellectual property rights." (ECF 1, at 9.) By order dated June 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff refers to the statute as the "Trade Secrets Act of 2016." (ECF 1, at 2.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, who resides in Miami, Florida, brings this action against (1) Sean Combs; (2) Combs Enterprise; (3) Sean Combs Capital; (4) Ciroc; (5) Deleon Tequila; (6) Bad Boy Entertainment; (7) Revolt Media and TV LLC; (8) Bad Boy Records; (9) Epic Records; (10) DOE Corps; (11) Capital Preparatory Charter School; (12) Love Records; (13) The Sean Combs Foundation; and (14) Sean John. She begins the complaint with the following assertion:

> Sean Combs through the entities of Combs Enterprise and Combs Global, as well as individually, committed the acts of violating the intellectual property rights of Plaintiff's phone contents and conversations, which were re-used in publications, as well as the invasion of privacy and harassment. All Defendants are included in this complaint. The Respondent caused harm and loss to Plaintiff both directly and indirectly through third party associations, horoscope script writings, and Respondent's brand.

(ECF 1, at 9.)[2] Plaintiff claims that Combs has "allowed infringement of [her] image and personal property through [his] ineffective protection of her data privacy" in violation of the Lanham Act. (*Id*.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

2

Plaintiff asserts that she brings this action against Combs for criminal violations – such as "stalking, theft and hacking of phone data, premeditated threats, unauthorized and illegal phone tapping and spying" – and for civil violations – including "unfair business practices, unauthorized use of intellectual property, unauthorized theft of [her] phone data for business and personal use," and other practices. (*Id*. at 12.) Plaintiff claims that Combs has "used stolen images from [her] phone for inspiration to recreate his brands" and that he has "potential links to [her] being hospitalized for poisoning." (*Id.* at 12-13.) She attaches to the complaint numerous blurred images from various websites and possibly her phone and makes references to Cassandra Ventura's lawsuit against Combs in this court for abuse and sexual assault.

Plaintiff seeks money damages for the alleged violations.

## DISCUSSION

**A.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is

3

'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (citation omitted). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. New York*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)).

A complaint that fails to comply with Rule 8 may be dismissed. *See Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-0519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Here, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, it is clear that Plaintiff does not provide Defendants with information about the events that allegedly violated her rights. Plaintiff provides no context for her claims that Sean

4

Combs through various entities has misappropriated or infringed on her intellectual property through the use of information from her phone and conversations.

Plaintiffs refers to the Defend Trade Secrets Act of 2016 ("DTSA"), which creates a private civil cause of action for misappropriation of trade secrets, *see* 18 U.S.C. § 1836, but she does not identify a trade secret that she possessed, state facts suggesting that Combs or any other named defendant had access to the relevant trade secret, or explain how the trade secret was allegedly misappropriated.[3] Rather, Plaintiff makes vague and conclusory assertions about Combs stealing her phone and hacking her information, but alleges no facts about a trade secret or misappropriation of such secret. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to "nudge [Plaintiff's] claim . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678, 683 (internal quotation marks and citation omitted).

Plaintiff's claim under the Lanham Act for trademark infringement suffers from the same deficiencies as her DTSA claim. She does not allege facts showing that she has a registered mark that is entitled to protection or how Combs or any other defendant has infringed on such a mark.[4]

---

[3] To state a claim under the DTSA, a plaintiff must allege "(1) the existence of a trade secret, defined broadly as information with independent economic value that the owner has taken reasonable measures to keep secret, and (2) misappropriation of that secret, defined as the knowing improper acquisition and use or disclosure of the secret." *Ahmad v. Day*, No. 20-CV-4507 (JMF), 2023 WL 3847144, at *6 (S.D.N.Y. June 6, 2023) (citation and internal quotation marks omitted). A plaintiff claiming misappropriation of trade secrets may show that the defendant gained access to the trade secrets through improper means or "that the defendant improperly used or disclosed trade secrets." *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 447-48 (S.D.N.Y. 2019) (quoting *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 79 (D.D.C. 2007)).

[4] To state a claim of trademark infringement under the Lanham Act, "a plaintiff 'must allege sufficient facts to establish: (1) that the plaintiff's mark is entitled to protection, and (2) that the defendant's use of [the] mark is likely to cause consumers confusion as to the origin or sponsorship of [its] goods [or services]." *Adidas Am., Inc. v. Thom Brown Inc.*, 599 F. Supp. 3d 151, 158 (S.D.N.Y. 2022) (citation omitted, second alteration in original). "A certificate of

Rather, as with her DTSA claim, Plaintiff makes vague and conclusory assertions of Combs accessing her phone and conversations and using unspecified information in a manner that allegedly violates the Lanham Act. Plaintiff fails to allege any facts suggesting that any defendant infringed on her valid trademark in violation of the Lanham Act.

For all of these reasons, the Court finds that Plaintiff's complaint does not comply with Rule 8, and she fails to state a claim on which relief can be granted under either the DTSA or the Lanham Act. Plaintiff's complaint is dismissed for failure state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Criminal Violations**

Plaintiff asserts that she brings this action against Sean Combs for alleged criminal violations, including "stalking, theft and hacking of phone data, premeditated threats, unauthorized and illegal phone tapping and spying." (ECF 1, at 12.) However, Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against an individual, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which she seeks to initiate criminal prosecution of Sean Combs.

---

registration with the [United States Patent and Trademark Office] is *prima facie* evidence that the mark is registered and valid (*i.e.,* protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Lane Capital Mgmt. Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (citing 15 U.S.C. § 1115(a)).

### C.   Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint. If Plaintiff files an amended complaint, she must clearly state the facts giving rise to her claims under the DTSA or Lanham Act and allege how each named defendant was responsible for the alleged violations.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

### CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court, however, grants Plaintiff 30 days' leave to file an amended complaint, as specified in this order. If Plaintiff does not file an amended complaint within the time allowed, or fails to show cause as to such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 21, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
           (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                State                Zip Code

_____

Telephone Number            Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State              Zip Code

Defendant 2: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State              Zip Code

Defendant 3: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State              Zip Code

Defendant 4:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                  State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                                              Plaintiff's Signature

_____        _____
First Name        Middle Initial              Last Name

_____
Street Address

_____        _____
County, City                       State                    Zip Code

_____        _____
Telephone Number                                       Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.