UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PSHATOIA LAROSE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>SEAN COMBS, et al.,<br><br>                    Defendants. | 24-CV-3464 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Pshatoia LaRose, who is proceeding *pro se*, filed this action under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 *et seq*., and the Lanham Act, which is also known as the Federal Trademark Act of 1946, 15 U.S.C. §1051, *et seq.* She alleged that Sean Combs, through various entities, misappropriated or infringed her unidentified intellectual property through the use of information from her phone and conversations. On August 21, 2024, the Court dismissed the complaint for failure to state a claim on which relief may be granted. The Court, however, granted Plaintiff 30 days' leave to file an amended complaint to address the deficiencies in her pleading. Plaintiff filed an amended complaint on September 13, 2024, which the Court has reviewed. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

Plaintiff filed the original complaint against (1) Sean Combs; (2) Combs Enterprise; (3) Sean Combs Capital; (4) Ciroc; (5) Deleon Tequila; (6) Bad Boy Entertainment; (7) Revolt Media and TV LLC; (8) Bad Boy Records; (9) Epic Records; (10) DOE Corps; (11) Capital Preparatory Charter School; (12) Love Records; (13) The Sean Combs Foundation; and (14) Sean John. She asserted that Sean Combs, individually and through the entities of Combs Enterprise and Combs Global, violated her intellectual property rights. Plaintiff claimed that the

alleged misappropriation or infringement of her intellectual property took place through her phone contents and conversations, such as Combs stealing images from her phone and using them for inspiration to create his brands. Plaintiff also asserted claims of invasion of privacy, harassment, stalking, theft, hacking of phone data, and illegal tapping of her phone, and sought to bring criminal charges against the defendants. She attached to the complaint numerous blurred images from various websites and possibly her phone and made references to Cassandra Ventura's lawsuit in this court against Combs, for abuse and sexual assault.

In the August 21, 2024 order, the Court: (1) determined that Plaintiff had failed to comply with Rule 8 because she did not plead sufficient facts in the complaint about the alleged events giving rise to her claims; (2) held that Plaintiff did not state a claim under the DTSA because she did not identify a trade secret that she possessed, state facts suggesting that Combs or any other named defendant had access to the relevant trade secret, or explain how the trade secret was allegedly misappropriated; (3) found that Plaintiff did not state a claim under the Lanham Act for trademark infringement because she did not allege facts showing that she has a registered trademark that is entitled to protection or how Combs or any other defendant had infringed on such a mark; and (4) dismissed Plaintiff's claims to initiate criminal prosecution of Combs or any other defendant. The Court, however, granted Plaintiff leave to file an amended complaint to state viable claims against the defendants arising from their misappropriation or infringement of Plaintiff's intellectual property.

In the amended complaint, Plaintiff refashions the Court's recitation of her assertions from the original complaint as her statement of claim. She then largely reiterates her accusations of Defendants' misappropriation and infringement of her intellectual property, in violation of the DTSA and Lanham Act, and their invasion of her privacy, harassment, stalking, theft, hacking of

her phone data, and illegal tapping of her phone. Plaintiff again seeks to bring criminal charges against the defendants. Finally, Plaintiff invokes for the first time the court's diversity jurisdiction. She attaches to the amended complaint what appears to be the same blurred images from websites and her phone that she had attached to her original pleading. She makes references to the settlement of Cassandra Ventura's lawsuit against Combs, indicating that she is attempting to bring similar claims.

## DISCUSSION

Plaintiff's amended complaint does not cure the deficiencies that the Court identified in the August 21, 2024 order of dismissal. Like her original pleading, the 90-page amended complaint does not comply with Rule 8 because Plaintiff does not allege sufficient facts suggesting a viable claim for relief against Sean Combs or the other defendants. Plaintiff offers few facts, asserting only that Defendants somehow obtained her intellectual property through her phone or conversations, but she does not in any way identify the intellectual property or allege any facts about how Defendants were able to access the property. Rather, Plaintiff's assertions are just the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that have been found to be insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff does not allege facts suggesting that she has a viable legal claim against any of the defendants, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

Plaintiff's amended complaint does not suggest that she could bring viable claims with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: October 28, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge